IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 19-01830 (ESL)

LA TRINIDAD ELDERLY LP SE                       CHAPTER 11

     Debtor

OPINION AND ORDER

This case is before the court upon the motion filed by La Trinidad Elderly LP SE (the "Debtor") (dkt. #75) for reconsideration of the order on dismissal (dkt. #71), the opposition by Loíza Ponce Holdings, LLC ("Loíza Ponce") (dkt. #78), Loíza Ponce's supplement to opposition (dkt. #79), Debtor's supplement to motion for reconsideration of order on dismissal (dkt. #80), Loíza Ponce's opposition to supplement to motion for reconsideration (dkt. #81), Debtor's second supplement to motion for reconsideration (dkt. #82), and Loíza Ponce's motion to strike second supplement to motion for reconsideration (dkt. #83). For the reasons stated below, the motion for reconsideration of the dismissal order is denied.

The Dismissal Order

On September 13, 2019 the court entered an order dismissing the Debtor's chapter 11 petition ("dismissal order") concluding that:

"After considering the above facts in light of the applicable law, the court finds that the instant bankruptcy petition was filed solely for the purpose of forestalling the imminent public sale of its real property. The court further finds that the Debtor has not shown a likelihood to have a chapter 11 plan within a reasonable time in view of its treatment of the secured claim held by Loiza Ponce. Therefore, the court concludes that the petition was not filed in good faith, that is, for a valid bankruptcy purpose."

Position of the Parties

The Debtor moves for reconsideration of the dismissal order alleging that the court "has committed a manifest error of law when it dismissed the instant bankruptcy petition" as "material facts have either been misstated or omitted with this resulting in a flawed legal conclusion that would impair not only the benefit of the Debtor in this case, but also on the allowed creditors which

should be able to collect on Debtor's operations." As stated by the Debtor, the basis for this court's order of dismissal consisted of the following: "In this case the key factors are the timing of the bankruptcy petition, the litigation between the Debtor and Loiza Ponce, the nature and extent of the secured claim held by Loiza Ponce, the value of the property, the payment under the chapter 11 plan of Loiza Ponce's claim, and the likelihood of rehabilitation pursuant to the terms of the confirmed plan."

The Debtor prays that the following findings of fact number 6, 9, 11, 12, 22, and 25 in the dismissal order be altered or amended. The Debtor further prays that the court considers additional factors to reconsider the dismissal order. The additional factors mainly concern the finality of a state court order in relation to the Rooker-Feldman doctrine, Loíza Ponce's allowed claim, allowing time to rebut deficiencies in the disclosure statement as they relate to Debtor's ability to make payments. The Debtor supplemented its position in the answer to Loíza Ponce's opposition restating its arguments and attaching supporting documentation.

Loíza Ponce opposes the motion for reconsideration alleging that the Debtor has failed to "clearly establish a manifest error of law or fact or present newly discovered evidence that could not have been diligently found during the case so as to warrant this extraordinary remedy." Loíza Ponce alleges that Debtor's statements regarding factual findings by the court are incorrect and that "[i]n any event, even if the Court had said what Debtor attributes it to have said, which it did not say, it is immaterial and inconsequential." Loíza Ponce supplemented the opposition by including a decision by the Supreme Court of Puerto Rico denying Debtor's petition for certiorari.

Applicable Law – Motion for Reconsideration

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) *aff'd*, 2001 WL 958803 (1st Cir. 2001) (citing Van Skiver v. United States, 952 F. 2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within fourteen (14) days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b). Id.

In the instant case, Debtor's motion for reconsideration was filed within fourteen (14) days from the date that the dismissal order entered. Therefore, the motion will be treated as one under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence." Id. See also; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997). The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

Discussion

The Debtor in the introduction of its motion for reconsideration sets forth the procedural sequence of events leading to the dismissal order. The Debtor correctly states that the "Debtor filed a previous petition under Chapter 11 on September 25, 2018, Case No. 18-5549 (ESL) (the '2018 Petition'), which was subsequently dismissed on January 29, 2019." The Debtor admits having jointly agreed with Loíza Ponce to submit to the court the motion to dismiss filed by Loíza Ponce in the instant case based on the evidence presented by that parties when considering the dismissal of the 2018 petition. The court notes that in its dismissal order the issue of the dismissal of the 2018 petition was addressed as follows:

> "Debtor admits that its first petition filed on September 25, 2018, case number 18-05549, was correctly dismissed on January 29, 2019 as the petition was not filed by an authorized agent/partner in accordance with the terms of the partnership agreement, that is, the investor limited partner did not consent to the filing in writing. The dismissal order was a bench ruling made at an evidentiary hearing on the motion to dismiss filed by Loiza

alleging a bad faith filing.  Since evidence was presented at the hearings held on November 29, 2018, December 11, 2018 and January 29, 2019, the parties have jointly moved the court to submit the present motion to dismiss on the evidence heard on these dates."

Therefore, the facts relied by the court in its dismissal order were, as agreed by the parties, based on the evidentiary hearing held in the 2018 petition, as summarized in the proposed findings of fact which both the Debtor and Loíza Ponce submitted to the court.

After considering the sequence of events summarized above and the motions filed by the parties in relation to the motion for reconsideration, the court determines that the findings of fact in the dismissal order, as well as it legal analysis, are not clearly erroneous and there is no manifest error of law.  The court agrees with Loíza Ponce's conclusion that the factual errors alleged by Debtor are not correct and that, in any event they are "immaterial and inconsequential." Thus, the court does find that its legal analysis was not flawed considering the findings of fact in the dismissal order.

Conclusion

In view of the foregoing, Debtor's motion for reconsideration is hereby denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of March 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-4-